**HOLMES, ATHEY, COWAN & MERMELSTEIN LLP**
Andrew B. Holmes (SBN: 185401)
abholmes@holmesathey.com
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
Tel: (213) 985-2200
Fax: (213) 973-6282

Attorneys for Defendant
HOWARD WU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>TAYLOR WOODS and HOWARD WU,<br><br>    Defendants. | Case No. 2:24-cv-6633<br><br>Judge: Hon. Hernan Vera<br><br>**ANSWER OF DEFENDANT HOWARD WU TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: August 6, 2024 |

Defendant Howard Wu ("Defendant" or "Wu") hereby answers the Complaint ("Complaint") of Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") by denying all allegations set forth in the Complaint not specifically admitted herein.

Wu responds as follows:

## **JURISDICTION AND VENUE**

1.  Answering Paragraph 1, Wu admits this Court has jurisdiction. Wu denies the remaining allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

2. Answering Paragraph 2, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

## SUMMARY OF ALLEGATIONS

3. Answering Paragraph 3, Wu denies the allegations.

4. Answering Paragraph 4, Wu denies the allegations.

5. Answering Paragraph 5, Wu denies the allegations.

6. Answering Paragraph 6, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

## DEFENDANTS

7. Answering Paragraph 7, with regard to the first sentence, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground. With regard to the second sentence, Wu admits that Woods and Wu were co-founders, co-owners, and co-managers of Urban Commons LLC, and that Woods and Wu were co-founders and co-owners of Sky Holdings LLC. Wu denies any remaining allegations.

8. Answering Paragraph 8, Wu denies he was a co-founder or co-owner of U.S. Hospitality Investments LLC, and denies he was the "sole" managing member of Urban Commons. Wu admits the balance of this paragraph.

## OTHER RELEVANT ENTITES

9. Answering Paragraph 9, Wu admits the allegations in the first, second, and fourth sentences. Wu denies the remaining allegations.

10. Answering Paragraph 10, Wu admits this paragraph except to the extent the phrase "unrelated company" constitutes a legal conclusion that does not require a response.

11. Answering Paragraph 11, Wu admits the allegations in the first and last sentences of this paragraph. Wu denies the remaining allegations.

12. Answering Paragraph 12, Wu admits the allegations in the first and last sentences of this paragraph. With regard to the second sentence, Wu lacks knowledge

and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground. Wu denies the remaining allegations.

# FACTS

## I. BACKGROUND

13. Answering Paragraph 13, Wu admits the allegations in the first and third sentences. Wu denies the remaining allegations.

14. Answering Paragraph 14, Wu admits the allegations in the second sentence. Wu denies the remaining allegations.

## II. THE SINGAPORE REIT SCHEME

### A. Defendants Explore Strategic Alternatives for the Thirteen Hotels; Recommend Against a REIT, and in Favor of a Third-Party Sale

15. Answering Paragraph 15, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground.

16. Answering Paragraph 16, with regard to the date, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations thereof, and denies them on that ground. Wu denies that the phrase "in a foreign market" is true, as many different foreign and domestic markets were explored. Wu admits the balance of this paragraph.

17. Answering Paragraph 17, Wu admits that he was generally aware of the June 2017 email, but denies he "presented" it, as he did not write or send the email. Further, with regard to the purported quotation, Wu defers to the referenced document.

18. Answering Paragraph 18, Wu admits that he was generally aware of the June 2017 email, but denies that "he" recommended or told anyone anything in it, as he did not write or send the email. Further, Wu denies he "falsely" did anything. With regard to the balance of the allegations, Wu defers to the referenced document.

### B. Defendants Pursue a Course At Odds With What They Recommended to the Thirteen Hotels' Investors

19. Answering Paragraph 19, Wu admits that U.S. Hospitality Investments LLC is a Delaware limited liability corporation that was formed by Frank Yuan and Jerome Yuan in November of 2017. Wu denies the remaining allegations.

20. Answering Paragraph 20, Wu admits that an accounting firm was hired in early 2018 to audit and/or value the 13 hotels. Wu denies the remaining allegations.

21. Answering Paragraph 21, Wu denies the allegations.

22. Answering Paragraph 22, Wu denies the allegations.

23. Answering Paragraph 23, Wu denies the allegations.

24. Answering Paragraph 24, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

25. Answering Paragraph 25, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

### C. Defendants Use Materially Misleading Consent Solicitations to Fraudulently Induce Securities Sales by the Thirteen Hotels' Investors

26. Answering Paragraph 26, with regard to the first sentence, Wu denies signing any consent solicitation, lack knowledge and/or information sufficient to form a belief about the truth of the allegation that the name of the buyer was disclosed "for the first time," and denies it on that ground. With regard to the second sentence, Wu defers to the to the referenced document. Wu denies the remaining allegations.

27. Answering Paragraph 27, Wu defers to the referenced document, and denies any remaining allegations.

28. Answering Paragraph 28, Wu admits counsel, among others, drafted the consent solicitations, Wu denies drafting them, and denies the remainder of the allegations.

29. Answering Paragraph 29, with regard to the first sentence, Wu denies the alleged inaccuracies and misrepresentations, and denies he was party to many (if any) communications as described here. Wu denies the remainder of the allegations.

30. Answering Paragraph 30, Wu denies drafting them, but defers to the referenced documents, and denies any remaining allegations.

31. Answering Paragraph 31, Wu denies drafting them, but defers to the referenced documents, and denies any remaining allegations.

32. Answering Paragraph 32, Wu denies drafting them, but defers to the referenced documents, and denies any remaining allegations.

33. Answering Paragraph 33, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

34. Answering Paragraph 34, Wu admits that each of the thirteen hotels was a separate legal entity with separate owners, and that 10 of the 13 hotels closed in April of 2018, with the final hotel (until then owned by Urban Commons Danbury LLC) closing on that date.

**D.   The Defendants Lulled Investors for a Year, Continuing to Misrepresent the True Nature of the Transaction**

35. Answering Paragraph 35, Wu defers to the referenced documents, and denies any remaining allegations.

36. Answering Paragraph 36, with regard to the first sentence, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground. with regard to the second sentence, Wu denies he "directed" anyone in the manner alleged, and denies the remaining allegations in this sentence. Wu denies the remaining allegations.

37. Answering Paragraph 37, Wu denies the allegations.

38. Answering Paragraph 38, with regard to the first sentence, Wu admits that payments were outstanding, and denies the remaining allegations. With regard to the second sentence, Wu denies he "directed" anyone in the manner alleged, and denies the remaining allegations in this sentence. With regard to the final sentence, Wu denies the prefatory phrase "To stave off any demands by investors to seek a default against U.S.

Hospitality, the Defendants highlighted…," and believes the balance of the sentence is correct, but defers to the referenced documents.

39. Answering Paragraph 39, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

40. Answering Paragraph 40, Wu denies he "directed" anyone in the manner alleged, and denies the remaining allegations in this sentence. Wu denies the remaining allegations.

41. Answering Paragraph 41, Wu admits the allegations in the first sentence. Wu denies the remaining allegations.

42. Answering Paragraph 42, Wu denies he "approached" any investors in the manner alleged, and denies the remaining allegations.

43. Answering Paragraph 43, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

44. Answering Paragraph 44, Wu admits the allegations in the first sentence. With regard to the second and third sentences, Wu defers to the referenced documents. Wu denies the remaining allegations.

**E.   After the Singapore REIT's IPO, the Defendants Engaged in a Scheme to Further Lull Investors and Conceal Their Fraud**

45. Answering Paragraph 45, Wu posits that this is an oversimplification, and defers to the referenced documents. Wu denies the remaining allegations.

46. Answering Paragraph 46, Wu admits that certain shares were subject to a lock-up, and that certain assignment and assumption agreements were entered, but defers to the referenced documents and denies the remaining allegations.

47. Answering Paragraph 47, with regard to the first sentence, assuming "Seller A" references a collection of businesses owned/controlled by Frank Yuan, Jerome Yuan, and Norbert Yuan (the "Yuans"), Wu admits that the Yuans formed U.S. Hospitality Investments LLC and were the original persons seeking to buy the 13-hotel portfolio. Wu denies the allegations in the second sentence, as, on information and belief, the

Yuans received all but $89 million in cash, much of which was then used to buy stock in the Singapore REIT.

48. Answering Paragraph 48, Wu denies the allegations as, on information and belief, the referenced agreements were known to counsel, who Wu relied on in order to ensure they were described and/or disclosed to the extent required by law.

49. Answering Paragraph 49, with regard to the first sentence, Wu admits a default notice was sent (but not by him) on or about that date, but denies the remaining allegations. With regard to the second sentence, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground. Wu denies the remaining allegations.

50. Answering Paragraph 50, Wu admits the allegations in this paragraph.

51. Answering Paragraph 51, Wu denies drafting it, but otherwise defers to the referenced document. Wu denies the remainder of the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

52. Answering Paragraph 52, Wu denies drafting it, but otherwise defers to the referenced document. Wu denies the remainder of the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

53. Answering Paragraph 53, Wu denies the allegations in the first sentence. Wu admits the allegations in the second sentence.

### III. THE SKY HOLDINGS SCHEME

54. Answering Paragraph 54, with regard to the first sentence, Wu avers that this is an oversimplification and generalization, and denies it. Wu admits the allegations in the second and third sentences.

55. Answering Paragraph 55, Wu does not recall whether Sky Holdings was created for the express purpose described, but otherwise admits this paragraph.

56. Answering Paragraph 56, Wu denies he was involved with or responsible for the raising of investor funds, and denies the remaining allegations.

57. Answering Paragraph 57, Wu denies he prepared any written materials to be presented to investors, and denies he made any oral statements to any investors. Wu denies the remaining allegations.

58. Answering Paragraph 58, Wu never made any representations to any investors, did not prepare any investor documents, and did not ever see any such documents until many years later. Wu denies any intentional acts constituting misappropriation, and denies the remaining allegations.

59. Answering Paragraph 59, Wu admits that he was generally aware of the bid deadline, but denies the remaining allegations.

60. Answering Paragraph 60, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

61. Answering Paragraph 61, Wu admits the allegations in the first sentence. With regard to the second and fourth sentences, Wu lacks knowledge and/or information sufficient to form a belief about the truth of the allegations therein, and denies them on that ground. With regard to the third sentence, Wu defers to the referenced document and denies the remaining allegations.

62. Answering Paragraph 62, Wu denies having any such communications with any investors. Wu lacks knowledge and/or information sufficient to form a belief about the truth of the remaining allegations therein, and denies them on that ground, except to the extent the allegations constitute legal conclusions that do not require a response.

63. Answering Paragraph 63, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

IV. **TOLLING AGREEMENTS**

64. Answering Paragraph 64, Wu admits he entered into tolling agreements for himself, but defers to those agreements for their content and duration calculations. Wu lacks knowledge and/or information sufficient to form a belief about the truth of the accuracy whether and how many such agreement were entered by Taylor Woods as alleged therein, and denies them on that ground.

## FIRST CAUSE OF ACTION
### Violation of Section 10(b) of the Securities Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]
### (BOTH DEFENDANTS)

65. Answering Paragraph 65, Wu incorporates by reference paragraphs 1 through 64 above, as though fully set forth herein.

66. Answering Paragraph 66, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

67. Answering Paragraph 67, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

## SECOND CAUSE OF ACTION
### Violation of Section 17(a) of the Securities Act [15 U.S.C. §§ 77q(a)]
### (BOTH DEFENDANTS)

68. Answering Paragraph 68, Wu incorporates by reference paragraphs 1 through 2, 5 through 12, and 54 through 64, above, as though fully set forth herein.

69. Answering Paragraph 69, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

70. Answering Paragraph 70, Wu denies the allegations, except to the extent the allegations constitute legal conclusions that do not require a response.

## AFFIRMATIVE DEFNESES

Without assuming the burden of proof for such defenses that he would not otherwise have, Defendant asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith at all material times and in conformity with all applicable federal statues, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

### Third Affirmative Defense

Plaintiff's claim for injunctive relief is barred because, inter alia, there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. The injunctive relief claim is further barred because the adverse effects of any injunction far outweigh any benefit from an injunction.

### Fourth Affirmative Defense

Plaintiff's claim for penalties is barred because, inter alia, any alleged violation was isolated and/or unintentional.

### Fifth Affirmative Defense

Plaintiff's claims for penalties and/or disgorgement are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 28 U.S.C. § 2462 and/or 15 U.S.C. § 78u.

### Sixth Affirmative Defense

Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of the Complaint from Defendant;

3. That Defendant be awarded his costs of suit incurred in the defense of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act (or as otherwise authorized); and

4. For such further and other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury for all claims for which a jury is permitted.

Dated: October 7, 2024            Respectfully Submitted,

By:   /s/ *Andrew B. Holmes*
    Andrew B. Holmes
    abholmes@holmesathey.com
    HOLMES, ATHEY, COWAN
    & MERMELSTEIN LLP
    811 Wilshire Boulevard., Suite 1460
    Los Angeles, CA 90017
    *Attorney for Defendant* HOWARD WU

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail. electronic mail, or by other means permitted by the Court rules.

By: /s/ *Andrew B. Holmes*
Andrew B. Holmes