Daniel N. Arshack (Admitted Pro Hac Vice)
dan@lawahl.com
**ARSHACK, HAJEK and LEHRMAN, PLLC**
1790 Broadway
New York, NY 10019
Telephone: (212) 582-6500

Craig J. Stein (SBN98041) (local counsel)
craig@craigsteinlaw.com
**THE STEIN LAW FIRM**
425 15th Street – Ste. 3404
Manhattan Beach, CA 90266
Telephone: (310) 729-8185

Attorneys for Defendant Taylor Woods

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES and EXCHANGE COMMISSION, | CASE NO.: 2:24-cv-06633-HDV-RAO |
| Plaintiff, | DECLARATION OF DANIEL N. ARSHACK SUPPORTING DEFENDANT WOODS'S MOTION TO EXTEND TIME TO ANSWER COMPLAINT, AND TO STAY PROCEEDINGS WHILE RELATED CRIMINAL CASE IS PENDING |
| vs. | |
| TAYLOR WOODS and HOWARD WU, | |
| Defendants. | |
| | Date: December 12, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 5B<br>Judge: Hernán D. Vera |

DANIEL N. ARSHACK hereby declares as follows:

1. I am counsel for the defendant Taylor Woods in the above-captioned civil action ("the civil case"). I am also counsel for Taylor Woods in the criminal action that is proceeding against him in the State of New York, Nassau County, entitled *The People of the State of New York against Taylor Woods*, Indictment No. 73141-23 ("the criminal case"). A copy of that three-count felony Indictment, returned in that case on December 26, 2023, is attached hereto as Exhibit A. Mr. Woods has entered a Not Guilty plea in that matter.

1

2. The criminal case has been pending against Mr. Woods since December 2023. On or about February 8, 2024, the Nassau County District Attorney's Office issued a Press Release purporting to describe Mr. Woods's conduct that constituted criminal offenses under New York law. A copy of that Press Release, dated February 8, 2024, is attached hereto as Exhibit B. (The Press Release is also accessible online at: https://nassauda.org/CivicAlerts.aspx?AID=1614 (last visited 11/02/2024).)

3. From my personal experience in connection with the criminal case, it is apparent that the U.S. Securities and Exchange Commission ("SEC") has been working closely with the Nassau County D.A.'s office on Mr. Woods's prosecution. For example, in May 2024, Mr. Woods filed his omnibus motion in Nassau County Supreme Court, arguing that the indictment against him should be dismissed due to a variety of errors and omissions in the Nassau County District Attorney's grand jury presentation of the case. That motion was opposed by the assigned Assistant District Attorney, and on July 1, 2024 Mr. Woods filed his Reply. After reviewing our reply, on August 16, 2024, the Nassau County D.A.'s office turned over to us a high volume of prosecution discovery materials, which the assigned Assistant District Attorney represented were "documents received from the SEC." A copy of the August 16, 2024, D.A.'s Office email message alerting us to the materials and their SEC provenance is attached as Exhibit C.

4. On October 16, 2024, an informal hearing was held in Nassau County with regard to the pending motion and the parties were informed that the Motion to Dismiss would be granted expeditiously without prejudice to refiling. The prosecution made clear during that informal hearing that a new indictment would be sought just as soon as the order to dismiss the first one without prejudice was issued. The documents received from the SEC and thereafter forwarded to the defense are central to to the current indictment and

the new indictment that the Nassau County District Attorney elects to present.. It is obvious that once the District Attorney had reviewed our defense motion aand our reply, and understood that it would likely be granted, she reached out to the SEC, and requested and received documents which she intends to use to to bolster her subsequent indictment.

5. As another example, just two days after the SEC filed its Complaint in this civil case, -- just one week after receiving our reply papers--the Nassau D.A. alerted the defense by means of an "Updated *Perdue* Notice" dated August 8, 2024, that Mr. Woods's codefendant in the civil case, Mr. Howard Wu, will be offered as a witness for the prosecution at Mr. Woods's criminal trial. A copy of that notice is attached at Exhibit D.

6. I have discussed with counsel for Howard Wu, codefendant herein, Mr. Woods's accompanying motion to stay proceedings in the civil case. I am authorized to inform the Court that Mr. Wu does not object to Mr. Woods's motion to extend the time for answering or repsoinding to the pending complaint and to a stay of the proceedings.

7. I have also "met and conferred" several times, with counsel for the SEC concerning this application and have been informed that they will oppose the relief sought .

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 4, 2024.

DATED:   November 4, 2024          Respectfully submitted,

                                   _____/s/_____
                                   Daniel N. Arshack
                                   Counsel for Taylor Woods
                                   ARSHACK, HAJEK and LEHRMAN PLLC
                                   1790 Broadway. Suite 710
                                   NY, NY 10019

                                   212-582-6500
                                   917-806-0700 mobile (preferred)
                                   Dan@lawAHL.com

                                   Admitted Pro Had Vice in the Central

District of California

**EXHIBIT A**

IND NO. _____

DA IND. NO. 1889N-23

SUPREME COURT : COUNTY OF NASSAU : STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

    - against -

TAYLOR WOODS,
        Defendant

ANNE T. DONNELLY
District Attorney

INDICTMENT FOR

Grand Larceny in the Second Degree, P.L. § 155.40(1) – 2 counts

Scheme to Defraud in the First Degree, P.L. § 190.65(1)(b) – 1 count

A TRUE BILL

Foreperson

PLEASE TAKE NOTICE that in accordance with the provisions of Section 250.20 of the Criminal Procedure Law I hereby demand from you that if you intend upon the trial of this indictment to offer, for any purpose whatever, testimony which may tend to establish your presence elsewhere than at the scene of the crime with which you are charged, at the time of its commission, you must, within eight days from the date of service of this Demand, serve upon the District Attorney of Nassau County, and file with this court, a copy thereof, a "notice of alibi" which shall set forth in detail the place or places where you claim to have been together with the names, post office addresses, residences and places of employment and the addresses thereof of the witnesses upon whom you intend to rely to establish your presence elsewhere than at the scenes of the crime at the times of its commission.

PLEASE TAKE FURTHER NOTICE that in accordance with the provisions of Section 250.20 of the Criminal Procedure Law I hereby demand from you and each of you that if you intend upon the trial of this indictment to offer, for any purpose whatever, testimony which may tend to establish your presence elsewhere than at the scene of the crime or crimes with which you are charged, at the time of their commission, you must, within eight days from the date of service of this Demand, serve upon the District Attorney of Nassau County, and file with this court, a copy thereof, a "notice of alibi" which shall set forth in detail the place or places where you claim to have been together with the names, post office addresses, residences and places of employment and the addresses thereof of the witnesses upon whom you intend to rely to establish your presence elsewhere than at the scene of the crime or crimes at the time of their commission.

If at the trial of this action the defendant calls such an alibi witness without having served a notice of alibi pursuant to the demand, or, if having served such a notice he calls a witness not specified therein, a motion will be made pursuant to the provisions of Section 250.20 of the Criminal Procedure Law to exclude any testimony of such witness relating to the alibi defense.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, the People intend to offer at the trial of this indictment evidence of oral and/or written statement(s) made to a public servant pertaining to the charge set forth in this indictment.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, during the trial of this matter, the People expect to introduce testimony identifying the defendant as a person who committed the offenses charged as set forth in this indictment, which testimony will be given by a witness (witnesses) who has (have) previously identified the defendant.

ANNE T. DONNELLY
District Attorney
Nassau County, New York

SUPREME COURT: COUNTY OF NASSAU
---------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

    - against -

           Ind. No. 73141-23

           DA Ind. 1889N-23

TAYLOR WOODS

           Defendant.
---------------------------------X

## COUNT ONE

THE GRAND JURY OF THE COUNTY OF NASSAU, by this Indictment, accuses the defendants, TAYLOR WOODS, of the crime of GRAND LARCENY IN THE SECOND DEGREE, in violation of Section 155.40(1) of the Penal Law of the State of New York, committed as follows:

The defendants, between on or about February 5, 2021, and on or about February 19, 2021, in the County of Nassau, State of New York and elsewhere, stole property from Frank Berritto and Berritto Enterprises and the value of the property exceeded fifty thousand dollars ($50,000.00).

## COUNT TWO

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this Indictment, further accuses the defendants, TAYLOR WOODS, of the crime of GRAND LARCENY IN THE SECOND DEGREE, in violation of Section 155.40(1) of the Penal Law of the State of New York, committed as follows:

The defendants, between on or about March 8, 2021, and on or about March 12, 2021, in the County of Nassau, State of New York and elsewhere, stole property from Daniel Knopf and the value of the property exceeded fifty thousand dollars ($50,000.00).

## COUNT THREE

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this Indictment, further accuses the defendants, TAYLOR WOODS, of the crime of SCHEME TO DEFRAUD IN THE FIRST DEGREE, in violation of Section 190.65(1)(b) of the Penal Law of the State of New York, committed as follows:

The defendants, between on or about February 5, 2021, and on or about March 12, 2021, in the State of New York, County of Nassau and elsewhere, engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtained property with a value in excess of one thousand dollars ($1,000.00) from one or more such persons.

Dated: 12/22/2023

                              **ANNE T. DONNELLY**
                              District Attorney
                              Nassau County

By: _____
      Betty Rodriguez
      Assistant District Attorney

**EXHIBIT B**

**Press Releases**

Posted on: February 8, 2024

## Idaho Man Indicted for Allegedly Stealing $1.2M in Investment Scam

*Taylor Woods allegedly spent victims' funds from investment agreements they signed to acquire more than a dozen hotels*



MINEOLA, N.Y. – Nassau County District Attorney Anne T. Donnelly announced that a Idaho man was indicted on grand larceny and other charges for allegedly operating an investment fraud scheme in 2021 and stealing approximately $1.2 million from individuals who believed they were investing in a company that was buying dozens of hotels from a bankruptcy portfolio.

Taylor Woods, 52, was arraigned on Tuesday before Judge Meryl Berkowitz on two counts of Grand Larceny in the Second Degree (a C felony) and Scheme to Defraud in the First Degree (an E felony). The defendant pleaded not guilty and was released on his own recognizance. If convicted, Woods faces a potential maximum of five to 15 years in prison. He is due back in court on March 13, 2024.

"This defendant allegedly bilked two investors out of a total of $1.2 million using empty promises of a large-scale bankruptcy portfolio acquisition that he represented as fully funded and ready to move forward imminently," said DA Donnelly. "Our investigation revealed his overtures were nothing more than a sham, the investment was not funded, and the defendant allegedly spent his victims' funds. Investing always comes with risk, but it should never be because of untrustworthy partners engaging in fraud."

DA Donnelly said that, according to the indictment, during the summer of 2020, Tyler Woods allegedly began discussing an investment opportunity that involved the purchase of a bankruptcy portfolio which included 18 hotels that were part of another company's bankruptcy estate.

In early 2021, Woods was put in touch with victim investors from Nassau County and explained that the opportunity would allow them to invest in Sky Holdings LLC, a company that Woods allegedly controlled, that would acquire, own, operate, and eventually sell a 50% share of the equity of another company, Eagle Hospitality Trust, and the bankruptcy portfolio.

Woods allegedly told the victim investors that all the financing, except for a final $10 million, was in place, and the final investment funds from the victim investors were needed quickly because the deal would close within a few weeks. Woods allegedly also told the victims that a mortgage for the hotels was already in place.

**Tools**
- RSS
- Notify Me®
- View Archived

**Categories**
- All Categories
- Home
- Press Releases
- Resources
- District Attorney
- Heroin Prevention
- Heroin Prevention in the Headlines

Select Language

Google **Translate**

On February 4, 2021, one victim invested $1 million into Sky Holdings, in exchange for an equity ownership interest in the company, which represented 50% of the equity in the bankruptcy portfolio. The agreement stipulated that all funds raised were to be returned to the investors if the transaction was not completed.

On March 5, 2021, another victim entered into a similar agreement with a $200,000 investment, which also gave him equity ownership interest in Sky Holdings and the bankruptcy portfolio.

According to the charges, Sky Holdings never received a financial commitment to move forward with the investment beyond the funds received from the victim investors and the defendant allegedly spent the money on various expenses.

Woods was arrested by NCDA Detective Investigators on February 6, 2024.

Deputy Bureau Chief Betty Rodriguez of the Financial Crimes Bureau is prosecuting the case. The defendant is represented by Bruce Barket, Esq. and Daniel Arshack, Esq.

The charges are merely accusations, and the defendant is presumed innocent until and unless found guilty.

###

⇐ Previous
West Hempstead Woman Pleads Guilty to Manslaughter Charges for Crash that Killed Two Teenagers

Next ⇒
Two Suffolk County Men Convicted of Murdering Plainview Man in 2020

## Other News in Press Releases

**Hempstead Man Indicted for Murder in Shooting Death of Man in Parking Lot**
Posted on: November 1, 2024


**North Massapequa Man Sentenced to 10 Years in Prison for Guns, Drug Possession, Shooting into Homes**
Posted on: November 1, 2024


**Hempstead Man Convicted of 2019 Robbery & Murder of Man Asleep in Car**
Posted on: October 31, 2024


**School Aide Charged with Falsifying Payroll for Work With Special Needs Student in Uniondale**
Posted on: October 30, 2024


**Roosevelt Man Indicted for Manslaughter in Mother's Death; Sister Charged with Other Abusive Acts**
Posted on: October 29, 2024


**Glen Cove Man Indicted for Murder in Death of Estranged Mother-in-Law at West Hempstead Restaurant**
Posted on: October 23, 2024


**Former Sirius XM DJ Sentenced to Eight Years in Prison for Narcotics Trafficking Scheme**
Posted on: October 22, 2024


Google Translate

**EXHIBIT C**

Dan Arshack

Subject:               FW: Taylor Woods

From: Betty Rodriguez <Betty.Rodriguez@nassauda.org>
Date: August 16, 2024 at 4:03:40 PM EDT
Subject: Taylor Woods

Good afternoon,

I just sent additional discovery. They are documents received from the SEC. The PIN is:

593 813



**ADA Betty Rodriguez**
Deputy Bureau Chief | Financial Crimes Bureau
Nassau County District Attorney's Office
262 Old Country Road, Mineola, NY 11501
P. (516) 571-2149 | F. (516) 571-0806

CONFIDENTIALITY NOTICE: This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privileges), or constitute non-public information. Any use of this information by anyone other than the intended recipient is prohibited. If you have received this transmission in error, please immediately reply to the sender and delete this information from your system. Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

          -against-                                Ind. No.   73141-23

TAYLOR WOODS                             Updated *Perdue* Notice

                      Defendant.

------------------------------------------------------------------------x

PLEASE TAKE NOTICE pursuant to the New York Court of Appeals decision in *People v. Perdue*, Slip Op. 06404 (Dec. 14, 2023), that the People may call a witness or witnesses at trial who observed the defendant either at the time and place of the commission of the offense or on some other occasion relevant to the case and who has not previously identified the defendant in an out-of-court identification procedure but may do so upon a trial of the charges. These potential witness(es) are:

Det. Inv. James Randolph Cox

Howard Wu

                                                          Respectfully submitted,

                                                          ANNE T. DONNELLY
                                                          District Attorney,
                                                          Nassau County

                                                   By: _____
                                                        Assistant District Attorney

DATED: August 8, 2024
            Mineola , New York

Served on: August 8, 2024
To:  Bruce Barket, Esq.
      Daniel Arschack, Esq.
      Attorneys for the Defendant
      bbarket@barketepstein.com
      dan@lawahl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 4th day of November, 2024, on all counsel of record on the service list below.

/s/ *Craig J. Stein*
Craig J. Stein

**Service List**
Derek Bentsen
Securities and Exchange Commission
100 F Street, NE 425 15th Street - Suite 3404
Washington, DC 20549
bentsend@sec.gov
*Counsel for Plaintiff*

Andrew B. Holmes
HOLMES, ATHEY, COWAN & MERMELSTEIN LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
Email: abholmes@holmesathey.com
*Counsel for Defendant Howard Wu*